[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11044
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00121-BAE-GRS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO REYES-SOSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 9, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

On July 10, 2013, a Southern District of Georgia grand jury returned a 52-count superseding indictment against appellant Gustavo Reyes-Sosa and seven

others.  On February 25, 2014, appellant, pursuant to a plea agreement, pled guilty to two of the counts: Count 2,  conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; and Count 43, possession of firearms with obliterated serial numbers, in violation of 18 U.S.C. § 922(k).[1]  That same day, the District Court sentence appellant to concurrent prison terms of 90 months on Count 2 and 60 months on Count 43, which constituted an upward variance of 19 months from a Guidelines range of 57 to 71 months.  The court fashion these sentences after considering the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 for appellant's substantial assistance to the Government in prosecuting the case.  The court announced, however, that but for appellant's cooperation, it "would have sentenced him for a considerably longer period."

Appellant appeals his Count 2 sentence on the ground that it is substantively unreasonable[2] because the District Court failed to identify a permissible 18 U.S.C. § 3553(a) factor justifying a 19-month upward variance.  Additionally, he contends that the District Court improperly considered an expunged state court conviction for possession of cocaine in weighing the § 3553(a) factors.  After giving full

---

[1]  The plea agreement indicated with respect to Count 43 that appellant possessed the following firearms: a 7.62 mm AK-47 rifle; 3 Romarm/Cugir, Model GP WASR 10/63, 7.62 mm rifles; 2 Century Arms International, Model AKMS, 7.62 mm rifles; and 7 FEG, Model SA2000M, 7.62 mm rifles.

[2]  The statutory maximum penalty for the Count 2 offense is 20 years, 21 U.S.C. §§ 846 and 841(b)(1)(C), and five years for the Count 43 offense, 18 U.S.C. §§922(k) and 924(a)(1)(B). Since appellant's sentences run concurrently, the 19-months variance—the basis for appellant's appeal—is related to the Count 2 sentence only.

2

considerations to the parties' briefs and the record, we find no basis for disturbing the District Court's judgment and accordingly affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). Our review is a two-step process. First we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51, 128 S. Ct. at 597. Only then, after we are certain that that no significant procedural error has occurred, can we turn to the substantive reasonableness of the sentence. *Id.* In other words, the substantive reasonableness inquiry "[a]ssum[es] that the district court's sentencing decision is procedurally sound." *Id.* In this case, appellant concedes that no procedural error occurred. We therefore move to the question of whether the Count 2 sentence is substantively unreasonable.

The District Court was required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing listed in § 3553(a)(2), including the need of the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter

criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court was required to consider in addition the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The weight to be given to any specific § 3553(a) factor is committed to the district court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). If, as here, the sentence constitutes an upward variance, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. We will vacate an upward variance only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v.* Early, 686 F.3d 1219, 1221 (11th Cir. 2012) (internal quotation marks omitted).

Appellant's above-guidelines sentence of 90 months on Count 2 was not substantively unreasonable. First, the sentence was well below the statutory maximum sentence of 240 months, which he could have received. And a sentence

imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Second, the court did not commit a clear error of judgment in weighing the § 3553(a) factors in light of the scope of the criminal activity in which appellant was involved and emphasizing the need for the sentence to provide both general and specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(B) and (C).

In sum, appellant's Count 2 sentence is

AFFIRMED.